## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| MARK C. LANHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 9:23-cv-00070 |
| | § | |
| GENCO FEDERAL CREDIT UNION, | § | With Jury Demand Endorsed |
| | § | |
| Defendant. | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Mark C. Lanham ("Plaintiff"), by and through counsel, for his Complaint against

Defendant Genco Federal Credit Union ("Genco" or "Defendant"), states as follows:

### I. INTRODUCTION

1.      Defendant has engaged in willful, malicious, coercive, deceptive and harassing

actions against Plaintiff in furtherance of Defendant's efforts to illegally collect from Plaintiff, *in

personam*, a debt that was included in and discharged in his bankruptcy.  Plaintiff alleges that

Defendant: 1) failed to dismiss a pending lawsuit after he filed bankruptcy or after the underlying

debt was discharged, and is now attempting to continue its prosecution; 2) illegally and

impermissibly accessed Plaintiff's confidential Experian consumer report when it was fully

aware that the debt was uncollectable and any credit pull would be a discharge violation, such

actions being an ongoing intrusion of Plaintiff's right to solitude, seclusion and private affairs;

and 3) made misrepresentations to Plaintiff and Experian to deceive and coerce Plaintiff to pay

the discharged debt, all despite being fully aware that the debt was discharged.  The foregoing

actions are part of Defendant's illegal design, implemented by their policies and procedures, to

harass and deceive consumers to pay discharged debts by misrepresenting to them that they still owed such discharged debt or that they had an obligation to take actions to benefit Defendant financially to Plaintiff's detriment.  Due to Defendant's acts, Plaintiff has suffered and will continue to suffer grievous mental anguish that undermines the fresh start which was the primary benefit and purpose of Plaintiff filing bankruptcy.

2.      Plaintiff claims Defendant violated the discharge injunction and other state and federal laws as follows: 1) Tex. Fin. Code § 392.001 *et seq.*, known as the Texas Debt Collection Act ("TDCA"); 2) Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act ("FCRA"); 3) the common law prohibiting intrusions on seclusion, solitude and private affairs; and 4) the discharge injunction of the United States Bankruptcy Court for the Eastern District of Texas, Lufkin Division.  Plaintiff seeks to recover from Defendant actual, statutory, and punitive damages, and legal fees and expenses.

## II. PARTIES

3.      Plaintiff is a natural person residing in Angelina County, Texas, and is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c) and the TDCA, Tex. Fin. Code § 392.001(1).

4.      Defendant is a credit union that may be served by delivering a summons to Neil Ling, President or any officer of Genco Federal Credit Union at 731 N. Valley Mills Drive, Waco, Texas 76710.

5.      Defendant is a "person" and "user" of consumer credit and other financial information, as said terms are defined under the FCRA, 15 U.S.C. § 1681a(b), and "creditor,"

"debt collector," and/or "third-party debt collector" under the TDCA, Tex. Fin. Code §§ 392.001(3), (6) and (7).

6.      The debt at issue Defendant was attempting to collect from Plaintiff was a "consumer debt," as defined by the TDCA, Tex. Fin. Code § 392.001(2).

7.      Defendant is a furnisher of consumer credit information to TransUnion, LLC ("TransUnion"), Equifax, Inc. ("Equifax"), and Experian Information Solutions, Inc. ("Experian") (collectively, the "Credit Reporting Agencies" or "CRAs").

### III. JURISDICTION AND VENUE

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, and 1367, and 15 U.S.C. § 1681p.

9.      Venue is proper in this district because Defendant conducts business in this district, the Defendant's acts occurred in this district and Plaintiff filed his bankruptcy in this district.

### IV. FACTUAL ALLEGATIONS

**A.      The Subject Debt Was Included in and Discharged as to Plaintiff's Personal Liability in His Bankruptcy Case.**

10.      During 2020, Plaintiff's severe heart condition and a layoff from his job drastically reduced his family's income, making it necessary for Plaintiff to seek bankruptcy relief.

11.      On August 20, 2020, Plaintiff filed a Chapter 7 bankruptcy in case No. 20-90174 ("Bankruptcy Case") in the Eastern District of Texas Bankruptcy Court, Lufkin Division ("Bankruptcy Court").

12.      Plaintiff filed his Schedules and listed Defendant on Schedule E/F for an unsecured auto loan deficiency in the amount of $5,800 (the "Account"). The debt required

Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

13.    A true and correct copy of relevant portions of Plaintiff's Schedule E/F is attached hereto as Exhibit "A."

14.    On or about August 23, 2020, the Bankruptcy Noticing Center for the Bankruptcy Court sent a copy of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines ("341 Notice") by first class mail to Genco, as well as to John Malone, PLLC, Genco's counsel for the subject lawsuit.  The 341 Notice warned all creditors, in conspicuous language, against violating the automatic stay imposed by 11 U.S.C. § 362.  The U.S. Postal Service did not return the 341 Notice sent to Genco and its counsel, creating a presumption it was received.

15.    A true and correct redacted copy of the 341 Notice is attached hereto as Exhibit "B."

16.    On December 2, 2020, the Bankruptcy Court signed an order granting Plaintiff a discharge ("Discharge Order").  The Discharge Order followed Official Form 318, including the explanatory language contained therein.  The Discharge Order discharged Plaintiff from any liability for the debt created by the Account.  Included with the Discharge Order was an explanation of the general injunction prohibiting any attempt to collect discharged debts, warning all creditors, in conspicuous language, that "Creditors cannot collect discharged debts" and that "This order means that no one may make any attempt to collect a discharged debt from the debtors personally.  For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts.  Creditors cannot

contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees."

17.    On December 4, 2020, the Bankruptcy Noticing Center sent a copy of the Discharge Order to Genco, as well as its counsel, John Malone, PLLC, by first class mail.  This transmission constituted notice to Defendant of the discharge granted in Plaintiff's Bankruptcy Case and the replacement of the automatic stay of 11 U.S.C. § 362 with the discharge injunction imposed by 11 U.S.C. § 524(a).

18.    A true and correct redacted copy of the Discharge Order is attached hereto as Exhibit "C."

19.    Subsequent to Plaintiff's discharge, Genco reported to Experian that the status of the Account was: "(Aug 2020) Discharged through Bankruptcy Chapter 7."

20.    A true and correct copy of relevant portions of Plaintiff's March 14, 2023 Experian credit report is attached hereto as Exhibit "D."

21.    At no time during the pendency of Plaintiff's Bankruptcy Case did Genco or any other person or entity object to or dispute the details or completeness of the claim on the Account listed on Schedule E/F of Plaintiff's Petition.

22.    At no time did Plaintiff reaffirm any of the debt on the Account with any person or entity.

23.    At no time did the Bankruptcy Court declare the debt on the Account to be non-dischargeable.

**B.    After the Debt Had Been Discharged, Defendant Attempted to Collect the Discharged Debt from Plaintiff, *in Personam*.**

24.    After the debt on the Account was discharged and the discharge injunction was in effect prohibiting all actions to collect on discharged debt from Plaintiff, *in personam*, Defendant

engaged in prohibited, coercive, deceptive, and harassing debt collection activity to collect the discharged debt by not only failing to dismiss, but by prosecuting, a lawsuit against Plaintiff and by illegally accessing his Experian credit report.

**1)    Defendant's Prosecution of a Lawsuit Against Plaintiff.**

25.    On or about February 14, 2018, Defendant filed a lawsuit against Plaintiff in the County Court at Law of Angelina County, Texas (the "County Court") in case no. 491-18-CV (the "Lawsuit") for the unpaid principal balance and interest of the Account after repossessing and selling the subject vehicle.  Despite issuing citation for Plaintiff in 2018, Defendant did not have Plaintiff served.

26.    However, in February 2023, after filing a motion and obtaining an Order to retain the case on the County Court's docket and after Defendant performed the illegal credit inquiry discussed in further detail below, Defendant requested the Court issue a new citation on Plaintiff. On or about March 1, 2023, Defendant caused citation to be served on Plaintiff.  The Lawsuit sought judgment against Plaintiff for a debt that had been included and discharged in Plaintiff's bankruptcy case.

27.    A true and correct redacted copy of the Defendant's Original Petition and Return of Service of the Lawsuit are attached hereto as Exhibit "E."

28.    A true and correct redacted copy of Register of Actions for the Lawsuit is attached hereto as Exhibit "F."

29.    At all relevant times, Defendant knew and had actual knowledge that Plaintiff was a debtor in a bankruptcy case, its debt had been discharged and he was protected from any direct or indirect collection acts from creditors and debt collectors whatsoever by virtue of the discharge injunction provided in 11 U.S.C. § 524.

30.     Notwithstanding such knowledge, Defendant willfully continued to try to collect on the Account from Plaintiff *in personam* by failing to dismiss the Lawsuit and having Plaintiff served.

### 2)     Defendant Made Material Misrepresentations to Experian and Accessed Plaintiff's Credit Report Without A Legal Purpose.

31.     Despite the fact that the debt on the Account was discharged and Plaintiff no longer had a debtor-creditor relationship with Defendant, Defendant misrepresented information about the status of the Account as open, past due and/or owing by Plaintiff to Experian to acquire access to Plaintiff's confidential credit file so it could obtain information about him to further Defendant's attempts to collect the discharged debt from him.

32.     On January 27, 2023, after the discharge, Defendant furnished false information to Experian, representing it had a purported legally permissible purpose to conduct an inquiry on the Account, which Defendant represented was due and owing by Plaintiff.   Defendant's purported permissible purpose, however, was false, because Plaintiff had no post-discharge relationship with Defendant or given permission for his credit reports to be accessed by Defendant.   Defendant made these misrepresentations so it could obtain access to Plaintiff's protected credit file and obtain and use Plaintiff's confidential, personal and financial information located in his consumer reports to further Defendant's illegal *in personam* collection efforts.

33.     Defendant's access of Plaintiff's consumer report occurred more than two (2) years *after* Plaintiff's discharge.   When Defendant illegally obtained Plaintiff's Experian consumer report, it was also given additional notice of Plaintiff's Bankruptcy Case.

34.    A true and correct redacted copy of relevant portions of Plaintiff's March 14, 2023 Experian credit report showing the bankruptcy record and impermissible pull is attached hereto as Exhibit "G."

35.    Defendant provided the false information at issue to Experian, knowing it had no debtor-creditor relationship with Plaintiff post-discharge or any legally permissible purpose to access Plaintiff's confidential information from Experian in his protected credit file.

36.    At the time Defendant conducted the impermissible account review inquiry, it knew that information about the impermissible inquiry, including the date it requested access to Plaintiff's credit file under a purported legally permissible purpose, would be reported on Plaintiff's credit report for Plaintiff and other third parties reviewing his credit report to see. Defendant's account review inquiry and respective furnishing of false information to Experian were conducted by Defendant to further its prohibited collection activity against Plaintiff on the discharged debt, by acquiring personal, financial and confidential information about Plaintiff or to deceive Plaintiff into believing the debt was still owed by him and Defendant had a right to access his credit file from Experian through the reported information about the account review inquiry on his credit report.  Defendant made these misrepresentations to further its pursuit of the Lawsuit and illegally coerce payment of the discharged debt from Plaintiff.

37.    Plaintiff justifiably fears and believes that Defendant will continue to access his private personal and financial information absent this Court's intervention.

38.    Plaintiff justifiably fears and believes that Defendant will continue to pursue Plaintiff in legal (and perhaps non-legal) ways in connection with the discharged debt absent this Court's intervention.

39.     When Plaintiff's bankruptcy was discharged, Plaintiff thought he had finally realized his fresh start and his financial troubles were over.  Plaintiff was devastated when he was served with the Lawsuit and after learning Defendant had illegally accessed his Experian credit report.  This brought back all of the negative emotions he had experienced in having to file bankruptcy.  He felt anger and frustration, fearing his bankruptcy had been a waste of time. Plaintiff began to worry that the bankruptcy had not worked and he was frustrated that he was denied the "fresh start" that he was entitled to under the bankruptcy code and worried about how this would impact his recovering finances in having to defend himself in the Lawsuit.

## V. DAMAGES

40.     Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs, as if fully rewritten here.

41.     In addition to any damages previously stated hereinabove, the conduct at issue of Defendant has proximately caused Plaintiff past and future severe mental distress and emotional anguish and a discernable injury to Plaintiff's emotional state; and other damages, evidence for all of which will be presented to the jury.  Moreover, dealing with the consequences of Defendant's actions has cost Plaintiff time and mental energy, which are precious to him.

42.     Defendant suffers from a severe heart condition that makes him particularly vulnerable to emotional distress, which was a prime reason for filing for bankruptcy relief. Being served with a citation for a lawsuit to collect a discharged debt caused Plaintiff to suffer and he did suffer extreme mental anguish and emotional distress resulting in shock, embarrassment, worry, distraction, headaches, insomnia and the exacerbation of his heart condition.

43.     The conduct of Defendant has substantially frustrated the discharge injunction and has cost Plaintiff unnecessary time, effort and expense in seeking to enforce his rights to the

protections of the discharge injunction.  As a result of the actions and inactions of Defendant, Plaintiff has been deprived of part of his fresh start and cannot look forward to a clear field for future endeavors.

44.    At all relevant times, Defendant knew and had actual knowledge that Plaintiff was a debtor in a bankruptcy case, its debt had been discharged and he was protected from any direct or indirect collection acts from creditors and debt collectors whatsoever by virtue of the discharge injunction provided in 11 U.S.C. § 524.

45.    At all relevant times, Defendant knew, and it continues to know, that, pursuant to a discharge order granted by a U.S. Bankruptcy Court, discharged debts are no longer legally collectable, but Defendant made a corporate decision, knowingly, willfully, maliciously, and contrary to its knowledge of bankruptcy law, to attempt to collect from Plaintiff *in personam* on the debt it knew was included and discharged in Plaintiff's Bankruptcy Case.  Moreover, there was no longer a debtor-creditor relationship between Plaintiff and Defendant after his bankruptcy discharge and Defendant had no right to engage in any of its actions at issue.

44.    Defendant was aware that its collection activities would and did damage Plaintiff and his ability to enjoy life and his fresh start guaranteed by the U.S. Bankruptcy Code.

45.    Plaintiff believes that, after reasonable discovery in this case, he will be able to show that all actions taken by, or on behalf of, Defendant were conducted maliciously, wantonly, recklessly, intentionally, knowingly, and/or willfully, with the desire to harm Plaintiff, and with the actual knowledge that such actions were in violation of the law.  Accordingly, Defendant is subject to punitive damages, statutory damages, and all other appropriate measures necessary to punish and deter similar future conduct by Defendant.  Moreover, Plaintiff's injuries resulted

from Defendant's malice, and/or willful and intentional misconduct, entitling Plaintiff to punitive damages.

46.    Damages should be awarded in this case not only to compensate for the losses or injury presumed and sustained by Plaintiff, but also to coerce Defendant into compliance with the orders issued by this Bankruptcy Court and other bankruptcy courts in which Defendant may come into contact.

47.    Neither cost-benefit analysis nor proportionality is allowed in determining any element of damages awarded with the exception of punitive damages sought.

48.    An award of damages to cover the value of any loss, any out-of-pocket expenses or cost incurred, including the value of the personal time of Plaintiff in having to deal with the conduct of Defendant, and in having to participate in this proceeding is required.

49.    Damages for Plaintiff's emotional distress and mental anguish caused by Defendant's violations of the Court's discharge injunction are recoverable, because actual damages include these types of economic and non-economic harm.

50.    Plaintiff's emotional distress is significant in that it is not and was not fleeting, inconsequential or trivial from Plaintiff's perspective.  This is evident from the fact that the filing of his Bankruptcy Case was Plaintiff's attempt to alleviate the otherwise insurmountable social and economic problems he faced, as well as preserve the dignity he held for himself.  A failing in the effectiveness of the discharge injunction that was promised to Plaintiff caused him emotional distress and mental anguish that Plaintiff originally intended to halt to return and intensify.

51.    This emotional distress and mental anguish is distinct from the anxiety and pressures inherent with filing bankruptcy, in that the bankruptcy process was intended to take the pressure off of Plaintiff from having to deal with the very actions and conduct of Defendant

complained of here, and therefore, the actions and conduct of Defendant cannot be deemed inherent in the bankruptcy process.

52.    Due to Defendant's conduct, Plaintiff was forced to hire counsel and his damages include reasonable attorneys' fees incurred in prosecuting this claim.

## VI. VICARIOUS LIABILITY/*RESPONDEAT SUPERIOR*

53.    Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendant, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability on Defendant for all such actions under the doctrine of *respondeat superior* and/or vicarious liability.

## VII. GROUNDS FOR RELIEF - COUNT I

## TEXAS FINANCE CODE – TEXAS DEBT COLLECTION ACT (TDCA)

54.    Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs as well the section above entitled "Damages," as if fully rewritten here.

55.    Defendant has violated the Texas Finance Code in numerous ways, including, but not limited to, the following:

a)    Tex. Fin. Code § 392.301(a)(8).   "THREATS OR COERCION. (a) In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices: ... (8) taking an action prohibited by law."

Because 1) the discharge injunction has force of law and prohibits creditors from attempting to collect debts included or discharged in bankruptcy, in personam, 2) the FCRA requires a permissible purpose to access a consumer's report, and 3) the common law protects Plaintiff from intrusions to his solitude, seclusion, and private affairs, Defendant's actions at issue of a) prosecuting a

lawsuit against Plaintiff in an attempt to coerce him into pay off the discharged debt, b) illegally accessing Plaintiff's Experian consumer report, and c) intentionally or recklessly misrepresenting to Plaintiff and to Experian that the discharged Account was still collectable in violation of the discharge injunction, also violated the TDCA.

>   b)   Tex. Fin. Code § 392.303(a)(2). "UNFAIR OR UNCONSCIONABLE MEANS. (a) In debt collection, a debt collector may not sue unfair or unconscionable means that employ the following practices: …(2) collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer."

Inasmuch as Defendant was attempting to charge interest, fees, charges and attorney fees on the Account post-discharge, it violated this section of the TDCA.

>   c)   Tex. Fin. Code § 392.304(a)(8). "FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS. (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: ... (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding."

Defendant misrepresented to Plaintiff and the County Court that the Account, which had been discharged, was collectable and it had the right to collect on the Account. Additionally, Defendant misrepresented information to Experian in order to allow it to access Plaintiff's credit reports so it could to get information to aid in its efforts to collect the discharged Account or get Plaintiff to act in a way that benefited Defendant. These were misrepresentations of the character, extent or amount of the subject debt and violated the TDCA.

-13-

    d)    Tex. Fin. Code § 392.304(a)(12). "FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS. (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: ... (12) representing that a consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if a written contract or statute does not authorize the additional fees or charges."

Since 11 U.S.C. § 524 prohibits Defendant from attempting to collect on the discharged debt on the Account, as Plaintiff was no longer personally liable for it upon discharge, Defendant's representations to Plaintiff and to the County Court that he was responsible for post-discharge interest, attorney fees and charges related to the Account violated this section of the TDCA.

    e)    Tex. Fin. Code § 392.304(a)(13). "FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS. (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: ... (13) representing that a consumer debt will definitely be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if the award of the fees or charges is subject to judicial discretion."

The Lawsuit at issue represents that Plaintiff owed Defendant for interest, expenses, fees and attorneys' fees that were continuing to accrue every month post-discharge.  Since 11 U.S.C. § 524 prohibits Defendant from attempting to collect on the discharged debt on the Account, as Plaintiff was no longer personally liable for it upon discharge, for the same reasons stated in the preceding paragraphs, Defendant violated this section of the TDCA.

    f)    Tex. Fin. Code § 392.304(a)(19). "FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS. (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may

not use a fraudulent, deceptive, or misleading representation that employs the following practices: … (19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

For the reasons stated in the preceding paragraphs (a – e), Defendant intentionally tried to coerce or deceive Plaintiff into paying the debt when Defendant knew the Account was discharged in Plaintiff's bankruptcy, rendering the debt legally uncollectable from Plaintiff *in personam*.

27.    Regarding Plaintiff's claim against Defendant under Tex. Fin. Code § 392.304(a)(8), all of Defendant's misrepresentations made to Plaintiff, the County Court and Experian about the character, extent, amount or status of the subject discharged debt were made by design to deceive Plaintiff into believing he was still personally liable for the discharged debt, and did in fact caused Plaintiff to have such belief.  Defendant's misrepresentations made to Plaintiff caused and resulted in him thinking differently about the character, extent, amount or status of the subject discharged debt.  After he received his bankruptcy discharge, Plaintiff believed he was no longer personally liable for the debt on the Account; however, Defendant's misrepresentations at issue, made him think perhaps his bankruptcy attorney made an error, or there was some issue about which he was unaware, that caused the debt to not be discharged in his Bankruptcy Case and he had to pay it.  Defendant's actions caused and exacerbated his mental anguish and emotional distress.

28.    Under Tex. Fin. Code Ann. § 392.403, Defendant's actions make it liable for Plaintiff's actual damages, statutory damages, injunctive relief, costs, and reasonable attorney's fees.  Also, Plaintiff's injuries resulted from Defendant's malice, actual fraud and/or willful and intentional misconduct, entitling Plaintiff to recover punitive damages.

29.    Because of Defendant's conduct, Plaintiff was forced to hire counsel to pursue this action, and Plaintiff's recoverable damages include his reasonable attorney's fees incurred in prosecuting this claim.

### VIII.  GROUNDS FOR RELIEF - COUNT II

### FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *et. seq.*

28.    Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs as well the section above entitled "Damages," as if fully rewritten here.

29.    Plaintiff brings claims against Defendant under the FCRA under 15 U.S.C. §§ 1681n and o, entitling Plaintiff to relief against Defendant for damages and attorney's fees for intentionally, knowingly or recklessly obtaining and using Plaintiff's consumer report(s) post-discharge under false pretenses and without a permissible purpose in violation of the requirements imposed by the FCRA, respectively.

30.    Once the debt on the Account was discharged in Plaintiff's Bankruptcy Case, Defendant had no legal right to obtain Plaintiff's consumer report from Experian.  After filing bankruptcy, Plaintiff never sought credit from Defendant, nor did he authorize Defendant to pull his credit reports from the CRAs.

31.    Post-discharge, in its *in personam* pursuit for Plaintiff to pay the discharged debt through the Lawsuit, Defendant intentionally accessed Plaintiff's consumer report with Experian and intentionally, or with reckless disregard for the truth, made misrepresentations to Experian in order to gain access to his consumer report with Experian and obtained and used his consumer report containing his confidential, personal and financial information by conducting at least one account review inquiry with no legally permissible purpose.  Defendant's account review inquiry

-16-

is an example of its impermissible pulls of Plaintiff's credit and prohibited action.  *See* attached Exhibit "G."

32.    The FCRA establishes very specific limits as to when and why an entity can obtain a consumer report:

> (f) CERTAIN USE OR OBTAINING OF INFORMATION PROHIBITED. – A person shall not use or obtain a consumer report for any purpose unless –
>
>> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>>
>> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b (f).

33.    Section 1681b(a)(3) lists the all-inclusive purposes for which a consumer report can be obtained:

> (a) IN GENERAL. – * * * any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
>> ***
>>
>> (3) To a person which it has reason to believe –
>>
>>> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;
>>>
>>> ***
>>>
>>> (F) otherwise has a legitimate business need for the information-
>>>
>>> * * *
>
> (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

*See* 15 U.S.C. § 1681b (a)(3).

34.    Section 1681a(d)(1) defines a "consumer report" as:

(d) CONSUMER REPORT. –

(1) IN GENERAL. – The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of servicing as a fact in establishing the consumer's eligibility for-

> (A) credit or insurance to be used primarily for personal, family, or household purposes;
>
> (B) employment purposes; or
>
> (C) any other purpose authorized under section 1681(b) of this title.

15 U.S.C. § 1681a (d)(1).

35.    On January 27, 2023, more than two years after the Discharge Order was signed and entered in Plaintiff's Bankruptcy Case, Defendant intentionally, or with reckless disregard for the truth, furnished false information to Experian, misrepresenting that it had permission or another legally permissible purpose to conduct an inquiry and review of the Account, so it could gain access to Plaintiff's protected consumer reports with Experian and impermissibly obtain and use his confidential, personal and financial information in his consumer report in its continued pursuit to collect on the discharged Account.

36.    Defendant represented to Experian that its alleged permissible purpose for conducting a post-discharge review of the Account was because the Account was open, due, owing and/or collectable from Plaintiff, which was false.  At no time had Plaintiff sought new credit from Defendant, so there was no permissible purpose for Defendant to pull Plaintiff's credit based on these reasons.  Accordingly, there was no permissible purpose for Defendant to obtain and use Plaintiff's consumer report nor did it have his consent to do so.

37.    When requesting and obtaining Plaintiff's credit information from Experian as described herein, Defendant had actual knowledge that it did not have a permissible purpose to obtain such information.

-18-

38.     Defendant had actual knowledge that as of Plaintiff's bankruptcy discharge in August 2020 that the underlying credit account was closed and Defendant was legally prohibited from pursuing any collection against or even communicating with him about the Account to justify an account review of his credit information.  As such, Defendant had actual knowledge that it did not have a permissible purpose to access Plaintiff's credit information.

39.     In addition, when Defendant accessed Plaintiff's consumer report with Experian, his bankruptcy was clearly noted in the information section of the report, so it had actual knowledge of the bankruptcy discharge.  Defendant has actual knowledge that Plaintiff did not request credit from or otherwise initiate a credit transaction with Defendant at any time after August 2020.   As such, Defendant had actual knowledge that it did not have a permissible purpose to access Plaintiff's credit information.

40.     For Defendant to request and obtain Plaintiff's private personal and financial information in the face of actual knowledge that it had no permissible purpose to do so constitutes a knowing and willful violation of the FCRA.

41.     At all relevant times, Defendant was trying to gain confidential information about Plaintiff in furtherance of its *in personam* collection efforts on the subject debt in the Lawsuit.  If it denies this was its purpose, then Defendant was trying to gain access to Plaintiff's confidential, personal and financial information which is protected from access without a permissible purpose by law.

42.     When requesting and obtaining Plaintiff's credit information from Experian, as described herein, Defendant had actual knowledge that it did not have a permissible purpose to obtain such information, was fully aware that the debt was discharged, and that the debt was not collectable from Plaintiff.   Defendant had actual knowledge that, after the discharge being

granted, the underlying Account was closed and the discharge injunction was in effect, legally prohibiting Defendant from pursuing any *in personam* collection against or even communicating with Plaintiff about the Account.  As such, Defendant had actual knowledge that it did not have a permissible purpose to access Plaintiff's credit reports with the credit bureaus.

43.    At the time Defendant impermissibly accessed Plaintiff's credit report, Defendant had actual knowledge that Plaintiff did not request new credit from it or otherwise initiate a credit transaction with Defendant at any time since his bankruptcy filing or discharge. Defendant had actual knowledge that Plaintiff had not authorized it to pull his credit and obtain and use his consumer reports from Experian, because there was not a debtor-creditor relationship between Plaintiff and Defendant post-discharge.  Accordingly, Defendant knew it was prohibited from obtaining and using Plaintiff's consumer reports and his confidential and personal information kept therein by any of the CRAs post-discharge as it did.

44.    Defendant's impermissible obtaining or using of Plaintiff's private personal and financial information held in his consumer report from Experian, when Defendant had actual knowledge it had no legally permissible purpose to do so, constitutes Defendant's knowing, intentional, and willful violations of the FCRA under 15 U.S.C. § 1681n reckless, or alternatively and at a minimum, negligent violations under 15 U.S.C. § 1681o.

45.    For Defendant to request and obtain Plaintiff's private personal and financial information, in the face of actual knowledge it had no permissible purpose to do so, constitutes its knowing and willful violations of the FCRA.

46.    After a reasonable time to conduct discovery, Plaintiff believes he can prove that Defendant requested and obtained Plaintiff's private personal and financial information from Experian for the illegal purpose of attempting to collect on the underlying discharged debt.

Furthermore, Defendant's illegal pull has been published as part of Plaintiff's credit report and is viewable by any creditor or potential creditor accessing his Experian report.

47.    After a reasonable time to conduct discovery, Plaintiff believes he can prove that Defendant used false pretenses, namely the representation that it intended to use Plaintiff's consumer report for account review or collection purposes, to obtain Plaintiff's private personal and financial information for the illegal purpose of attempting to collect on the underlying discharged debt.

48.    After being afforded a reasonable time to conduct discovery in this case, Plaintiff believes he will be able to show Defendant promised through its subscriber agreements or contracts with the subject CRAs to properly furnish accurate information to access and review consumer reports for accounts that have been included and discharged in bankruptcy; but Defendant has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow these requirements and agreements, which has resulted in its intended consequences of conducting the inquires at issue in furtherance of its attempts to collect the debt, including, but not limited to, Plaintiff's consumer report(s) at issue.

49.    After being afforded a reasonable time to conduct discovery, Plaintiff believes he can show that, at all relevant times, Defendant knew, and continues to know, that a discharge order granted by a U.S. Bankruptcy Court means discharged debts are no longer collectable from discharged debtors, but Defendant has made a corporate decision to intentionally, willfully or recklessly and maliciously act contrary to this knowledge in its calculated decision to violate its duty and requirement to furnish accurate information to the CRAs, by furnishing false information of a purported permissible purpose to access the consumer reports of and obtain confidential personal and credit information and consumer reports for discharged consumers,

alleging accounts with discharged debt are open and collectable, all to further Defendant's illegal *in personam* collection attempts on discharged debt.

50.    As a direct and proximate result of Defendant's conduct as outlined above, Plaintiff has suffered, and will continue to suffer, substantial injury, including, but not limited to, mental anguish and emotional distress from the ongoing invasion of his privacy, entitling Plaintiff to an award of actual damages in an amount to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. §§ 1681n or o.

51.    As a direct and proximate result of Defendant's conduct as outlined above, Plaintiff has suffered and will continue to suffer substantial injury including, but not limited to, mental anguish and emotional distress from Defendant's ongoing attempts to collect the discharge debt, entitling Plaintiff to an award of actual damages in an amount to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

52.    Defendant's actions at issue have caused Plaintiff to suffer embarrassment, mental anguish, inconvenience, and other pecuniary and non-pecuniary damages.

53.    Defendant's conduct reveals a conscious and reckless disregard of Plaintiff's rights.  The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct entitling Plaintiff to statutory damages in the amount of up to $1000.00 per violation pursuant 15 U.S.C. § 1681n(a)(2).  Because Defendant's impermissible acquisition and use of Plaintiff's consumer report(s) will have a continuing adverse impact on Plaintiff, Defendant is liable for any future harm suffered by Plaintiff because of Defendant's actionable conduct.

54.    The conduct at issue of Defendant has proximately caused Plaintiff past and future mental distress; emotional anguish and a discernable injury to Plaintiff's emotional state;

harm and resulting injuries; and other damages, evidence for all of which will be presented to the jury.

### IX.  GROUNDS FOR RELIEF - COUNT III

#### INTRUSION OF SECLUSION, SOLITUDE AND PRIVATE AFFAIRS

46.    Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs as well the section above entitled "Damages," as if fully rewritten here.

47.    Defendant intentionally, recklessly and maliciously intruded on Plaintiff's *solitude, seclusion and private affairs* when Defendant, after the debt had been discharged, misrepresented to Experian that the Account was open and the debt collectable so that it could gain access to Plaintiff's private and sensitive financial information that would be invaluable in their continuing attempts to collect the discharged debt in its Lawsuit.  These intrusions were ones that would be highly offensive to a reasonable person, because confidential and sensitive personal and financial information is included in a consumer report.  Post-discharge, Plaintiff had not consented to Defendant pulling his credit and there was no permissible purpose for Defendant to obtain Plaintiff's consumer report post-discharge.  The wrongful acts of Defendant caused injuries to Plaintiff.

48.    These intrusions were of a kind that would be highly offensive to a reasonable person because each involved the intentional or reckless misrepresentation of facts in violation of federal or state law(s) and were designed to injure Plaintiff both physically and financially. Plaintiff believes that, after time for reasonable discovery, he will be able to show that this information was sought to aid Defendant in its continuing attempts to collect the discharged debt in its Lawsuit or to circumvent the requirements of the FCRA that require consent or a permissible purpose for accessing a person's consumer reports.

49.     These intrusions were also of a kind highly offensive to a reasonable person since dealing with Defendant's actions is a harsh reminder of Plaintiff's bankruptcy and has rekindled all the negative emotions associated with his financial troubles and having to file bankruptcy which he was trying to forget; and the illegal intrusion into his private financial information contained in his consumer report was unsettling as Plaintiff had no idea who at Genco was looking at such information and for what purpose other than to harm him.

50.     At all pertinent times, Plaintiff had a reasonable and lawful expectation not to be contacted and harassed by Defendant related to the Account after the debt was discharged and to believe his private and protected information held by the CRAs would not be obtained by a company that had no legal right to access or obtain this information.  Plaintiff was entitled to a "fresh start" after going through the bankruptcy process and this was frustrated by Defendant's outrageous disregard for federal and state law(s).  The illegal access to Plaintiff's consumer report(s) were intrusions on Plaintiff's solitude, seclusion and private affairs.  Defendant's wrongful acts caused injury to Plaintiff, which resulted in extreme emotional anguish and distress which caused him fear, stress, headaches, insomnia, embarrassment, worry, distraction and loss of time and inconvenience.

51.     Plaintiff's injuries were intentionally inflicted and resulted from Defendant's malice, which entitles Plaintiff to exemplary damages under Texas Civil Statutes and Remedies Code § 41.003(a).

## X.  GROUNDS FOR RELIEF- COUNT IV

### VIOLATION OF THE DISCHARGE INJUNCTION

52.     Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs as well the section above entitled "Damages," as if fully rewritten here.

53.    At all material times, Defendant had actual knowledge of Plaintiff's Bankruptcy Case and of the discharge of the debt on the Account.

54.    Defendant failed to cease its debt collection activity on the Account and debt at issue when it became aware that Plaintiff filed for bankruptcy protection and the debt had been discharged in Plaintiff's Bankruptcy Case, as evidenced by Defendant failing to dismiss the Lawsuit, continuing to prosecute the Lawsuit more than two years later to compel payment of the Account, having citation served on Plaintiff, and accessing his consumer report from Experian without a lawful purpose.

55.    Defendant's actions were willful acts in furtherance of its effort to collect the discharged debt from Plaintiff in violation of the discharge injunction imposed by 11 U.S.C. § 524(a).  Further, Defendant's acts were harassing and attempts to coerce and deceive Plaintiff into paying the discharged debt.  Defendant's failure to comply with the aforesaid laws, despite Defendant being on notice of Plaintiff's Bankruptcy Case and discharge and the effect of Plaintiff's discharge, illustrates Defendant's utter contempt for federal law and the discharge injunction.

56.    The actions of Defendant constitute harassment and coercive and/or deceptive actions taken to collect a discharged debt from Plaintiff in gross violation of the discharge injunction imposed by 11 U.S.C. § 524(a)(1)-(3).

57.    The facts and background stated above demonstrate that Defendant knowingly and willfully violated the orders and injunctions of the Bankruptcy Court issued in the bankruptcy filed by Plaintiff.  After this *prima facie* showing by Plaintiff, the duty falls on Defendant to show, as its only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court, which inability must go beyond a mere assertion of

inability.  Failing a showing by Defendant of its present inability to comply with the orders and injunctions of the Bankruptcy Court, Plaintiff must prevail on his claims, and Defendant must be held liable for knowingly and willfully violating the orders and injunctions of the Bankruptcy Court.  Any defense put forth by Defendant in this proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for the conduct and actions of Defendant.  Any allegation of a good faith exception should not be allowed.

58.   Specifically, Defendant violated the part of the Bankruptcy Court's Discharge Order issued pursuant to 11 U.S.C. § 524(a)(2) that "operates as an injunction against the commencement, or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtors, whether or not the discharge of such debt is waived . . ."

59.   There are no exceptions under 11 U.S.C. § 524, other provisions of the United States Bankruptcy Code, or other applicable law that would permit Defendant's conduct, which was in blatant disregard of the discharge injunction.

60.   The orders and injunctions of the Bankruptcy Court cannot be waived, except by way of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint, none of which occurred here.  No waiver of the orders or injunctions of the Bankruptcy Court has occurred.

61.   Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to Defendant's violations of the orders and injunctions of the Bankruptcy Court.  Any burdening of Plaintiff with an obligation to police the misconduct of Defendant would be a complete derogation of the law.  It is well-settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for bearing the cost

of compliance.  Any attempt by Defendant to mount such a defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited.  Any such defense put forth by Defendant in this case can only constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and actions of Defendant.  No defense of failure to mitigate should be allowed.

62.    Plaintiff has been injured and damaged by Defendant's actions, and Plaintiff is entitled to recover judgment against Defendant for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for Defendant's violations of 11 U.S.C. § 524 and pursuant to the Court's powers under 11 U.S.C. § 105.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Mark C. Lanham prays the Court:

A.    Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable and necessary attorney's fees for Defendant's violations of the TDCA, the FCRA, intrusion upon seclusion, solitude and private affairs, and for violations of the discharge injunction,

B.    Find that appropriate circumstances exist for an award of punitive damages to Plaintiff,

C.    Award Plaintiff pre-judgment and post-judgment interest as allowed by law, and

D.    Grant such other and further relief, in law or equity, to which Plaintiff might show he is justly entitled.

Respectfully submitted,

*/s/ James J. Manchee*
James J. Manchee
State Bar Number 00796988
jim@mancheelawfirm.com
MANCHEE & MANCHEE, PC
5048 Tennyson Parkway, Suite 250
Plano, Texas 75024
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

COUNSEL FOR PLAINTIFF

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

April 7, 2023                      */s/ James J. Manchee*
Date                                    James J. Manchee